UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA ARDELE SMITH, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. 17-cv-11572-NMG |
| | * |
| DEUTSCHE BANK NATIONAL TRUST | * |
| COMPANY, as Trustee for Soundview Home | * |
| Loan Trust 2005-OPT4, Asset-Backed | * |
| Certificates, Series 205-OPT4, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER

August 24, 2017

TALWANI, D.J.

On August 21, 2017, Patricia Ardele Smith, who is proceeding *pro se*, filed her Original Complaint/Writ to Vacate a Void Order Pursuant to Federal Rules of Civil procedure 60(B) [#1], Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [#5], and Motion for Leave to Proceed *in Forma Pauperis* [#7]. Smith, a debtor in a bankruptcy proceeding in the District of Massachusetts, seeks relief from an order of the bankruptcy court lifting the automatic stay as to Deutsche Bank National Trust Company ("Deutsche Bank"), one of Smith's creditors. Smith represents that, because of the lift of the automatic stay, Deutsche Bank has given notice that it will foreclose on her home on August 25, 2017. She asks that the court immediately enjoin Deutsche Bank from foreclosing on her home. For the reasons set forth below, the Motion for Leave to Proceed *in Forma Pauperis* [#7] is GRANTED, but the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction is DENIED and the action is DISMISSED FOR LACK OF JURISDICTION. The dismissal is without prejudice to any relief plaintiff may seek in the bankruptcy court or in state court.

I.  Background

On April 14, 2017, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Massachusetts. See In re Patricia A. Smith, Case No. 17-11351 (Bankr. D. Mass.).[1] Thereafter, the case was converted to a Chapter 7 petition. On June 15, 2017, Deutsche Bank filed a motion for relief from the automatic stay of imposed under 11 U.S.C. § 362, seeking to enforce a promissory note given by Plaintiff and secured by a mortgage on Plaintiff's real property.

On June 30, 2017, the bankruptcy court granted Deutsche Bank's motion to lift the automatic stay. On July 5, 2017, the bankruptcy court received Smith's opposition to Deutsche Bank's motion, which the bankruptcy court deemed to be untimely. The bankruptcy court returned the document to Smith with instructions to file it as a motion to vacate the order lifting the automatic stay as to Deutsche Bank. Smith complied, and, on July 18, 2017, the bankruptcy court held a hearing on the motion to vacate and denied it the same day. According to Plaintiff, on August 5, 2017, she received a notice from a law firm representing Deutsche Bank, "threatening to foreclose against [her] homestead on August 25, 2017." Compl. [#1] ¶ 4.

On August 21, 2017, Plaintiff commenced the present action. In her complaint, Plaintiff states that the lawsuit "involves a demand by [her] to set aside a void order issued by the Bankruptcy Court of [Massachusetts] . . . and which void order will lead to the wrongful seizure of [her] homestead and [her] eviction therefrom." Compl. [#1] ¶ 6. She further contends that the order was "procured by fraud on the part of Defendant Deutsche Bank and the judgment was entered in violation of [her] due process rights." Id. Plaintiff expresses her intent to "file an

---

[1] Plaintiff attached a copy of the docket of the bankruptcy proceeding to her complaint. See Compl. Ex. [#1-4] at 9-11.

adversary complaint in [her] bankruptcy case challenging the mortgage debt against [her] homestead and asking the court to void the mortgage lien against [her] homestead." Id. ¶ 17.

II.     Discussion

   A.     Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, the court concludes that she is without income or assets to pay the filing fee. Accordingly, the motion is GRANTED.

   B.     Review of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, the court may conduct a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2). Further, a court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). In conducting this review, the court liberally construes the complaint because Plaintiff is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

   1.     Court's Lack of Jurisdiction to Adjudicate the Matter as an Original Action

Plaintiff filed this action as a complaint or writ and represented on her civil cover sheet that she is filing this action under Rule 60(b) of the Federal Rules of Civil Procedure. [#1-1]. The court lacks jurisdiction over such an action.

Plaintiff states that this court has jurisdiction over this matter pursuant to 12 U.S.C. § 2605(f). This statute provides a private right of action against a servicer of a federally related mortgage loan that fails to comply with requirements regarding notice to borrowers of the assignment of the servicing of the loan or obligations concerning payments from escrow

3

accounts. See 12 U.S.C. § 2605. However, Plaintiff has failed to allege any facts that would support such a claim.

Plaintiff also refers to 12 C.F.R. § 1024.41(a) as a basis for this court's jurisdiction. Section 1024.41 of Title 12 of the Code of Federal Regulations sets forth procedures a loan servicer must follow if the servicer offers borrowers a loss mitigation option to avoid foreclosure. Subsection (a) of this regulation allows a borrower to enforce its provisions pursuant to 12 U.S.C. § 2605(f). But, Plaintiff has not made any allegations that Deutsche Bank offered her a loss mitigation option but failed to follow the requirements of 12 C.F.R. § 1024.41.[2]

Plaintiff further represents that jurisdiction exists under 28 U.S.C. § 1331 because "the relief sought in this lawsuit is authorized by Federal Rules of Civil Procedure . . . Rule 60(d)." Compl. [#1] ¶ 3. She states elsewhere in the complaint that she is bringing this action pursuant to other subsections of Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"), which is entitled "Relief from a Judgment or Order." See id. at 1 (referring to Rule 60(b), 60(b)(3), 60(b)(4), and 60(b)(6) in the caption of the pleading), id. ¶ 21 (referring twice to Rule 60(b)(3)), id. ¶ 22 (referring to Rule 60(b)(6)), and id. ¶ 23 (referring to rule 60(b)(4)).

Under 28 U.S.C. § 1331 ("§ 1331"), federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Rule 60 is a federal rule, a party's invocation of this rule does not qualify an action as one "arising under" federal law for purposes of § 1331. See Fed. R. Civ. P. 82 (stating that the Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts"); see also Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 370 (1978) ("[I]t is

---

[2] Moreover, the regulation specifically provides, "Nothing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." 12 C.F.R. § 1024.41(a).

4

axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction.").

        2.        Court's Lack of Jurisdiction to Entertain an Appeal

While a federal district court does have jurisdiction to entertain a properly-noticed appeal of an order of a federal bankruptcy court, see 28 U.S.C. § 158(a), Plaintiff did not file a notice of appeal or a motion for leave to appeal with the bankruptcy court, see Fed. R. Bankr. P. 8004. Even if this court were to construe Plaintiff's complaint as a notice of appeal of the order of the bankruptcy court, the court would lack jurisdiction to entertain the appeal. Under the Federal Rules of Bankruptcy Procedure, a notice of appeal must be filed with the bankruptcy clerk within 14 days after the entry of the judgment or order being appealed. See Fed. R. Bankr. P. 8002(a)(1).[3] That time may not be extended if the order appealed from grants relief from an automatic stay under 11 U.S.C. § 362. See Fed. R. Bankr. P. 8002(d)(2)(A). Here, Smith commenced this action more than fourteen days after the bankruptcy court orders granting the motion lifting the motion to stay and denying Smith's motion to reconsider the same. Because the timely filing of a notice of appeal is a jurisdictional prerequisite for this court to review the decision of the bankruptcy court, see In re Abdallah, 778 F.2d 75, 77 (1st Cir. 1985), the court cannot entertain any "appeal" of the order lifting the automatic stay.

In the absence of any jurisdiction over this matter, whether treated as an original complaint or an appeal of the order of the bankruptcy court, the court will deny the motion for a temporary restraining order and a preliminary injunction. The court will also dismiss the action without prejudice for lack of jurisdiction.

---

[3] That a notice of appeal is mistakenly filed with a district court instead of with a bankruptcy court is not fatal to the appeal. See Fed. R. Bankr. P. 8002(a)(4) ("If a notice of appeal is mistakenly filed in a district court, BAP, or court of appeals, the clerk of that court must state on the notice the date on which it was received and transmit it to the bankruptcy clerk. The notice of appeal is then considered filed in the bankruptcy court on the date so stated.").

III. Conclusion

Accordingly, for the foregoing reasons:

1. The Motion for Leave to Proceed *in Forma Pauperis* [#7] is GRANTED.

2. The Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [#5] is DENIED.

3. This action is DISMISSED FOR LACK OF JURISDICTION. The dismissal is without prejudice to any relief plaintiff may seek in the bankruptcy court or in state court.

IT IS SO ORDERED.

August 24, 2017                        /s/ Indira Talwani
                                                   United States District Judge